**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAWN POLLOCK,<br><br>Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 12-cv-2128 BAS (JMA)<br><br>**ORDER:**<br>**(1) GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF 33)**<br>**(2) DENYING PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION (ECF 34)** |

This matter is before the court on cross motions for summary judgment brought by Plaintiff Shawn Pollock and Defendant Union Pacific Railroad Company ("UP"). For the reasons set forth below, the court **GRANTS** Defendant's motion and **DENIES** Plaintiff's motion.

## I. PROCEDURAL BACKGROUND

Plaintiff filed a Complaint against Defendant in this court on August 29, 2012 alleging violations of 45 U.S.C. 51 *et seq.*, claiming damages related to a workplace injury suffered because of Defendant's carelessness and negligence.

Case 3:12-cv-02128-BAS-JMA Document 65 Filed 07/23/14 PageID.2163 Page 2 of 8

1   ECF 1. Plaintiff then, on December 10, 2012 amended his complaint to allege two
2   causes of action: (1) that UP was negligent in violation of the Federal Employee
3   Liability Act ("FELA"), 45 U.S.C. 51 *et seq.*, and (2) that UP retaliated against
4   him by initiating disciplinary charges because he reported his injuries. ECF 2.
5   Defendant answered the Amended Complaint on January 16, 2013. ECF 4. On
6   March 10, 2013, both parties filed cross motions for summary judgment. ECF 33,
7   34.

8   Defendant moves for partial summary judgment dismissing the retaliation
9   claim, contending that there are no material issues of fact relating to the claim and
10  that Plaintiff cannot establish that the disciplinary action taken against him was as
11  a result of conduct protected under the Federal Rail Safety Act ("FRSA"). ECF 33,
12  Def.'s Mot. Summ. J., 1:2–8. Defendant also asserts that Plaintiff's retaliation
13  claim is preempted by the Collective Bargaining Agreement ("CBA"), under the
14  Railway Labor Act. *Id.* at 1:25–28.

15  Plaintiff moves for summary adjudication of the FELA action in his favor
16  and to preclude Defendant from asserting a contributory negligence defense as a
17  matter of law. ECF 34, Pl.'s Mot. Summ. Adj., 11:6–9

18  **II. FACTS[1]**

19  In 2011, Plaintiff Shawn Pollock was employed by Defendant UP. On
20  November 4, 2011, Plaintiff was a member of a servicing gang; he and Alonzo
21  Chavez operated crawler backhoes, and Robert Brooks acted as foreman. ECF 51,
22  Pl.'s Opp'n Def.'s Mot. Summ. J., 1:5–12.

23  While operating the backhoe, Plaintiff was injured. *Id.* at 1:5–8. He
24  attempted to drive the backhoe over a bridge, which collapsed underneath him. *Id.*

---

[1] Cross-motions for summary judgment are treated as independent and distinct motions, and thus in evaluating each motion, the Court will consider facts and draw inferences in the light most favorable to the non-moving party. Fed. R. Civ. P. 56; *Arnold Pontiac-GMC, Inc. v. Gen. Motors Corp.*, 700 F. Supp. 838, 840 (W.D. Pa. 1988).

– 2 –    12-cv-2128 BAS (JMA)

at 1:20–25. After the incident, he wrote a statement relating that he was "instructed by [his] foreman Bob Brooks to ravel my crawler hoe (DBH-0605) down to load them up on the equipment flats. I was told to go across a bridge (R.R. Idaho Northern) to get to the equipment flats. I got about 1/4 of the way across the bridge when the side of the bridge gave out and down to the bottom I went." *Id.*

On November 4, Defendant sent Daryl Neuner, a UP Manager, from Missouri to the scene to investigate the accident. *Id.* at 2:24–3:4. On November 5, 2011, the site's supervisor, Martie Campos, conducted an investigation of the incident. He summarized his investigation in an email:

> I then asked [Pollock and Brooks] what happened and why they even decided to cross the bridge with the crawlers when they had other options such as moving them with the boom truck and trailer. I also asked them why they didn't have a better job briefing with all three of them and do a good risk assessment especially when crossing bridges with the crawlers. I explained to them that if they would have met at the bridge and looked at it and done the risk assessment they might have decided not to go over it. Shawn stated that he did questions Bob about loading them on the trailer to move them but Bob said to go ahead and just travel them down. […] Bob said that he was helping out the tie contractor when he sent them down on their own and that he felt a little rushed to get them loaded and instructed the operators to travel them down to the flats because he thought it would be faster and that he didn't think it would be a problem traveling over the bridge since they have done it many times in the past on other projects. Alonzo stated that he was following Shawn a ways behind and that he seen Shawn fall off the bridge and then called Bob on the radio and told him what happened. Shawn also stated that he has never crawled across a bridge before so I feel that his lack of experience in this area was a major contributing factor to the accident. Shawn is a qualified operator since 6-6-09 and has been on the gang as an operator on the crawler and done a great job and is an excellent employee and always puts safety first. […] I think the root cause of the accident was caused by not doing a better job briefing and risk assessment but most of all Shawn's lack of experience going over bridge.
>
> *Id.* at 2:8–21 (Errors in original).

Plaintiff initially did not believe he had been injured in the incident. *Id.* at 3:26–27. However, Plaintiff still had pain on November 8th, and so he went to his doctor. After returning from the doctor, he mailed an injury report to Defendant. *Id.* at 4:15–19.

1  The same day Plaintiff mailed the injury report to Defendant, but before Defendant received the report, Neuner "wrote of possible imposing discipline on Pollack[.]" *Id.* at 4:23–25 (error in original).  Then on November 11, 2011, Neuner sent an email stating, "Need discipline on CBH accident, Pollock operator, Brooks foreman, job briefing for sure, may need to talk to Bill [Huber] about it. Level 3 for sure with days off." *Id.* at 6:1–3. Then Huber, UP's Director of Track Programs, sent an email saying, "We need to charge Pollock and Brooks with Level 5." *Id.* at 6:4–6.

## III. LEGAL STANDARD

Summary judgment is appropriate on "all or any part" of a claim if there is an absence of a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) ("*Celotex*"). A fact is material when, under the governing substantive law, the fact could affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *see also Freeman v. Arpaio,* 125 F.3d 732, 735 (9th Cir. 1997). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248.  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. *See Celotex,* 477 U.S. at 323–24.

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex,* 477 U.S. at 323.  "The burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial."  *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006) (citing *Celotex*, 477 U.S. at 324).

"When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the

1  moving party has the initial burden of establishing the absence of a genuine issue
2  of fact on each issue material to its case." *C.A.R. Transportation Brokerage Co.,*
3  *Inc. v. Darden Restaurants, Inc.,* 213 F.3d 474, 480 (9th Cir. 2000) (quoted by
4  *Miller*, 454 F.3d at 987).

"In contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence from the non-moving party. The moving party need not disprove the other party's case." *Miller*, 454 F.3d at 987 (citing *Celotex,* 477 U.S. at 325). "Thus, '[s]ummary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to[his] case, and on which [he] will bear the burden of proof at trial.' " Miller, 454 F.3d at 987 (quoting *Cleveland v. Policy Management Sys. Corp.,* 526 U.S. 795, 805–06 (1999) (internal quotations omitted)).

A genuine issue at trial cannot be based on disputes over "irrelevant or unnecessary facts[.]" *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir. 1987). Similarly, "[t]he mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient." *Triton Energy Corp. v. Square D. Co.,* 68 F.3d 1216, 1221 (9th Cir. 1995) (citing *Anderson,* 477 U.S. at 252).[2] The party opposing summary judgment must "by [his or her] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex,* 477 U.S. at 324 (quoting Fed. R. Civ. P 56(e)). That party cannot "rest upon the mere allegations or denials of [his or her] pleadings." Fed.R.Civ.P. 56(e).

The Court is not obligated "to scour the records in search of a genuine issue

---

[2] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (if the moving party meets this initial burden, the nonmoving party cannot defeat summary judgment by merely demonstrating "that there is some metaphysical doubt as to the material facts").

of triable fact." *Keenan v. Allan,* 91 F.3d 1275, 1279 (9th Cir. 1996) (citing *Richards v. Combined Ins. Co.,* 55 F.3d 247, 251 (7th Cir. 1995)). "[T]he district court may limit its review to the documents submitted for the purposes of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1030 (9th Cir. 2001).

When making its determination, the Court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

## IV. ANALYSIS

### 1. The Undisputed Evidence Does Not Support Plaintiff's Claim of Retaliation.

#### a. Defendant is entitled to judgment as a matter of law on Plaintiff's claim of retaliation.

Plaintiff claims, in his opposition to Defendant's motion for partial summary judgment, that Defendant violated the FRSA when it retaliated against him for filing an injury report by subjecting him to disparate treatment. ECF 51, Pl.'s Opp. Def.'s Mot. Summ. J., 21:3. However, the facts do not support the essential elements of his claim.

The FRSA prevents railroad carriers from disciplining or discriminating against an employee if the discipline or discrimination is based in whole or in part on the employee's protected conduct. *See Kuduk v. BNSF Ry. Co.*, 980 F.Supp.2d 1092 (D. Minn. 2013).

Here, there is no evidence that Plaintiff was disciplined because he engaged in protected conduct. Plaintiff believes Defendant's disciplinary charges against

him were based on his injury report, but Brooks was also charged with a violation even though he did not engage in protected activity. Further, Defendant decided to file charges before becoming aware of Plaintiff's injury report. There must be some evidence of discrimination based on the protected conduct; here, the treatment did not discriminate between those engaging in protected conduct and those who did not. Plaintiff does not deny this, but only claims the injury report threw the disciplinary process into "high gear." *Id.* at 22:24. Because Plaintiff's injury report was not taken into consideration when Defendant imposed the challenged discipline, an essential element of Plaintiff's claim is definitively negated. Accordingly, Defendant's motion for summary judgment is **GRANTED**. Plaintiff's second cause of action is **DISMISSED**.

### b. Defendant's motion, as it pertains to punitive damages, is moot.

Because Plaintiff's cause of action for retaliation is dismissed, the Court will not reach the merits of Defendant's argument against punitive damages, and Defendant's motion as it pertains to punitive damages is moot.

## 2. The Determination of Liability on the First Cause of Action is a Question of Fact for the Jury.

Plaintiff, in his motion for summary adjudication, moves for summary adjudication of the FELA action in his favor and to preclude Defendant from asserting a contributory negligence defense as a matter of law. ECF 34, Pl.'s Mot. Summ. Adj., 11:6–9. Plaintiff has filed a statement of material facts in support of his motion. ECF 35. However, Defendant has opposed a substantial portion of these facts. ECF 50-5. Importantly, the evidence that Plaintiff was contributorily negligent is disputed, as is the evidence that Defendant was negligent in its briefing of Plaintiff. *See, e.g., id.* ¶ 6, 16. The Court finds that these factual disputes show that Plaintiff cannot establish every element necessary either to support his claim or to show Defendant cannot possibly assert a contributory negligence defense such that a reasonable jury cannot find for Defendant. Accordingly, Plaintiff's

motion for summary adjudication is **DENIED**.

## V. CONCLUSION

Accordingly, for the foregoing reasons, the Court **ORDERS** the following:

1. Defendant's motion for partial summary judgment is **GRANTED**, **DISMISSING** Plaintiff's second cause of action; and
2. Plaintiff's motion for summary adjudication is **DENIED.**

**IT IS SO ORDERED.**

**DATED: July 23, 2014**

Hon. Cynthia Bashant
United States District Judge